IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TINA HAWKINS,

      Plaintiff,                      No. 2:12-cv-00161 KJM KJN

      v.

BATH & BODY WORKS LLC, et al.,

      Defendants.             <u>ORDER</u>

        /

Presently before the court is the parties' proposed Protective Order Regarding Confidential and Private Information, which seeks approval of an order governing the treatment of discovery materials that the parties intend to designate as "Confidential" or "Confidential Information." (Dkt. No. 20). At the present time, the undersigned will not approve the proposed stipulated protective order, but will consider a revised proposed stipulated protective order that addresses the court's concerns identified below.

First, the proposed stipulated protective order does not comply with Local Rule 141.1, which provides that:

> **(c) Requirements of a Proposed Protective Order.** All stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order. Every proposed protective order shall contain the following provisions:

1

          **(1)** A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

          **(2)** A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

          **(3)** A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E.D. Cal. L.R. 141.1(c).  Although the proposed stipulated protective order effectively makes the showing required by subsections (c)(1) and (c)(2) of Local Rule 141.1, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." E.D. Cal. L.R. 141.1(c)(3). Thus, the parties have not made the showing required by Local Rule 141.1, and the undersigned does not approve the stipulated protective order as proposed.  However, the parties may either enter into a private agreement or file a proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.

        Second, it is unclear from the proposed stipulated protective order whether the parties intend that the marking of material as "Confidential" pursuant to the protective order would automatically result in an order sealing such materials filed with the court. (<u>See</u> <u>e.g.</u> Dkt. No. 20, ¶¶ 6-7.)  Regarding the sealing of documents, the parties are required to file a request to seal in accordance with the Eastern District Local Rules, including Local Rule 141, and the Federal Rules of Civil Procedure.  The undersigned recommends that the parties consider adding a provision to this effect in any revised proposed stipulated protective order.[1]

---

[1] Additionally, the parties are advised that, although the proposed stipulated protective order does not currently include a provision creating retained jurisdiction, the undersigned is strongly disinclined, absent some compelling reason, to approve any provision that creates retained jurisdiction over a stipulated protective order and related disputes after termination of the action. Local Rule 141.1(f) provides: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." E.D. Cal. L.R. 141.1(f).

1  Accordingly, IT IS HEREBY ORDERED that the parties' proposed stipulated
2 protective order (dkt. no. 20) is not approved, but without prejudice to the refiling of a sufficient
3 proposed stipulated protective order if the parties are unable to reach a private agreement.
4  IT IS SO ORDERED.
5 DATED: September 10, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE