Mark Spring, SBN 155114
Carlton DiSante & Freudenberger LLP
8950 Cal Center Drive, Suite 160
Sacramento, CA 95826
Telephone: 916.361.991

ANDREW C. SMITH (admitted *pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Telephone:  614.464.6400

LIANA R. HOLLINGSWORTH (admitted *pro hac vice*)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone:  216.479.6100

Attorneys for Defendant Bath & Body Works, LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| TINA HAWKINS | Case No.:   2:12-CV-00161-KJM-KJN |
|---|---|
| Plaintiff, | |
| vs. | **STIPULATION BETWEEN THE PARTIES AND REVISED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVATE INFORMATION** |
| BATH & BODY WORKS LLC and DOES 1-20, inclusive, | |
| Defendants. | Complaint Filed: January 20, 2012<br>Trial Date: September 30, 2013 |

PURPOSE

    Discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Pursuant to Local Rule 141.1(c)(3), the need for protection should be addressed by Court order, rather than private agreement, to protect the parties' legitimate interest in the protection of confidential information from disclosure to  third parties, and to avoid the substantially increased costs and burdens of discovery that would result in the absence of such an order, including the avoidance

of potential discovery disputes and motions to the Court over the scope of documents to be protected or the level of protection to be given to any particular document.

IT IS HEREBY ORDERED that:

1. Either party may designate any documents, materials, or other information produced or disclosed to the other party during discovery that contains confidential business information, trade secrets, personal private matters, or other proprietary information as "Confidential," which designation shall make such items and all copies, prints, summaries, or other reproductions thereof subject to this Order (hereinafter referred to as "Confidential Information").

2. The use of said Confidential Information by counsel in this litigation shall be strictly limited to use in this case alone, and shall be subject to all of the terms of this Order.

3. To the extent that such Confidential Information may in the future be used in the taking of depositions, it shall remain subject to the provisions of this Protective Order, and so also shall the transcript pages of the deposition testimony dealing with or relating to said Confidential Information.

4. Unless such Confidential Information ceases to be secret and confidential other than by violation of this agreement, each party – and counsel for each party -- shall maintain all said Confidential Information as strictly confidential and shall not disclose information therein to any person other than: (1) the parties to this action; (2) employees of counsel's law firm or other representatives who are assisting counsel in the preparation and prosecution of this action; (3) witnesses (whether lay or expert) as necessary for their testimony, on condition that all such persons be advised of this Order and agree to its terms in advance of such disclosure; (4) at the trial of this litigation; and (5) the Court.

5. The terms of this Order shall remain fully effective as to all such Confidential Information until modified or released either by a court order or by the written consent of both

parties.  The Court is free to modify this Order at any time at is reasonable discretion.  At the conclusion of this case, including any appeal, all Confidential Information and copies thereof shall be returned to opposing counsel of record; provided, however, that as to any work product of counsel of record falling within the description in the preceding sentence, counsel of record shall have the option of destroying such work product, as long as such counsel promptly thereafter provides counsel of record for the opposing party with his affidavit attesting to the destruction of all such materials, or of agreeing to keep such work product confidential.

6. A party may not file any Confidential Information in the public record, without written permission from the designating party.  A party that seeks to file Confidential Information under seal must file a request to seal in accordance with the Eastern District Local Rules, including Local Rule 141, and the Federal Rules of Civil Procedure.  The party or person filing any pleadings or filings in the Court which incorporate or disclose Confidential Information shall comply in good faith with the procedures for filing under seal in order to obtain Court approval for such filing.

7. By agreeing to this Order and obtaining the material produced, the parties hereto do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.  Nothing in this Order shall be deemed to preclude the admission into evidence in this case of Confidential Information and the parties herein have reserved all rights to seek admission into evidence in this case of Confidential Information or to object to the admissibility of such material.  The burden of proving confidentiality is on the party seeking protection.

8. This Order is being entered without prejudice to the right of any party to move the Court for modification or relief from any of its terms.

1     IT IS SO STIPULATED.

2     IT IS SO ORDERED.

3 **Date:  9/18/2012**

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

APPROVED BY :

| | |
|---|---|
| ANDREW C. SMITH (admitted *pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216-1008<br>Telephone:  614.464.6400<br><br>LIANA R. HOLLINGSWORTH (admitted *pro hac vice*)<br>VORYS, SATER, SEYMOUR AND PEASE LLP<br>2100 One Cleveland Center<br>1375 East Ninth Street<br>Cleveland, Ohio 44114-1724<br>Telephone:  216.479.6100<br><br>Mark Spring, SBN 155114<br>Carlton DiSante & Freudenberger LLP<br>8950 Cal Center Drive, Suite 160<br>Sacramento, CA 95826<br>Telephone: 916.361.991<br><br>*Attorneys for*<br>*Defendant Bath & Body Works, LLC* | David P. Foos, Esq.<br>The Law Offices of Bowman and Associates<br>2151 River Plaza Drive, Suite 105<br>Sacramento, CA  95833<br>Telephone: (916) 923-2800<br>Facsimile:  (916-923-2828<br>Email: dfoos@bowmanandassoc.com<br><br>*Attorney for Plaintiff* |